## No. 400

No. 18333—The State, ex rel Charles E. Gillespi, v. Board County Commissioners of Wyandot County, Ohio. Error to the Court of Appeals of Wyandot County.

180. BRIDGES—County Commissioners may adopt plans covering erection of substructures or superstructures, as to either or both in entirety, and may adopt proposals accordingly.

JONES, J.

1. The county commissioners are authorized under Section 2343 et seq., General Code, to receive proposals on plans submitted by bidders for the erection of bridge substructures and superstructures, and may adopt plans covering either or both as an entirety. Where the plan adopted embraces both substructure and superstructure, composing an entire monolithic unit, not susceptible of division into separate units, a lump sum may be bid for such bridge as an entirety, which the commissioners may accept, providing such sum is the lowest proposal under the adopted plan and does not exceed the estimates required under Section 2358, General Code.

2. Where a bidder submits a proposal to erect the substructure under a plan furnished by the county surveyor, but the commissioners award a contract for the construction of an entire bridge as a monolithic unit to another bidder under his plan, the first named bidder has not established a clear, legal right to have a contract awarded to him. (State, ex rel Ross, v. Board of Education, 42 Ohio St., 374, followed.)

Judgment affirmed.

Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

## No. 401

No. 18082—John B. Lindsey et al v. Public Utilities Commission of Ohio and the Pomeroy and Middleport Telephone Company. Error to the Public Utilities Commission of Ohio.

973. PUBLIC UTILITIES—Valuation of properties use by and useful for public convenience — Discretion of Commission — May avail of assistants—Reports of as evidence—Record must be complete to obtain review of questions in court.

ROBINSON J.

1. Where the Public Utilities Commission of Ohio in any hearing before it has the question whether a rate, fare, charge, toll or rental, will yield a reasonable return upon the value of the property of a public utility used and useful for the convenience of the public, it is required under Sections 499-9 and 499-13, General Code, to ascertain and report value, classified as in the various alphabetical subdivisions of Section 499-9, General Code.

2. In ascertaining the value of the property of a public utility used and useful for the convenience of the public, the Public Utilities Commission of Ohio, by virtue of the provisions of Section 499-9, General Code, is vested with a discretion whether it will ascertain and report value in any greater detail than to show the ultimate facts required by the alphabetical subdivisions of that section.

3. Where the property of a public utility, used and useful for the convenience of the public, in size and character is not unlike many other properties, and its value can be ascertained by inspection and comparison, it is not an abuse of discretion for the Public Utilities Commission to fail to ascertain and report value in any greater detail than to show the ultimate facts required by the alphabetical subdivisions of Section 499-9, General Code.

4. The Public Utilities Commission of Ohio is authorized by statute to avail itself of the services of engineers and other assistants in determining any issue before it, including the issue of value.

5. The report of its engineers and assistants when filed in a case become evidence therein and may be analyzed or impeached as other evidence.

6. Where the record before this court does not contain all the evidence considered by the Public Utilities Commission in determining a question of fact, this court is not in position to review that question of fact.

Order affirmed.

Jones, Matthias and Day, JJ., concur. Marshall, C. J., concurs in the judgment and propositions 1, 2, 4, 5 and 6 of the syllabus, but dissents from proposition 3 of the syllabus. Allen, J., dissents from proposition 3 of the syllabus and from the judgment. Wanamaker, J., not participating.

## No. 402

No. 18295—The State of Ohio v. Edward Lanser. Error to the Court of Appeals of Hamilton County.

865. OFFICERS—President pro tem of village council to act in absence of mayor—Signature of as "Vice Mayor," sufficient.

ALLEN, J.

1. Under Section 4256 of the General Code, when the mayor of a village is absent from the village or is unable for any cause to perform his duties, the president pro tem. of council becomes acting mayor and is invested with all powers of the mayor, including his judicial powers.

2. Where the president of the council in the absence of the mayor administers the oath to an affidavit charging a misdemeanor, and issues the warrant, signing his name to affidavit as "T. B. Mulloy, Vice-Mayor of the Village of Newtown," the word "Vice" is a description of the title of the office of acting mayor, and the affidavit is executed in substantial compliance with the statute.

Judgment reversed.

Marshall, C. J., Matthias and Day, JJ., concur. Wanamaker, J., not participating.